UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Bahji Adams,                          :
                                      :
                    Petitioner,       :
            v.                        :        Civil Action No. 2:17-cv-114-cr-jmc
                                      :
State of Vermont                      :
and State of Georgia,                 :
                                      :
                    Respondents.      :

## ORDER AND REPORT AND RECOMMENDATION
(Docs. 1, 1-2)

Bahji Adams, proceeding *pro se*, moves for leave to proceed in forma pauperis.

(Doc. 1.)  Adams seeks to file a petition under 28 U.S.C. § 2254 against the State of Vermont

and the State of Georgia.  (Doc. 1-2.)  She has filed a form application to proceed in district

court without prepaying fees or costs.  (Doc. 1.)  Because the financial affidavit in support of

her application (Doc. 1-1) meets the requirements of 28 U.S.C. § 1915(a), the Application for

Leave to Proceed in Forma Pauperis is GRANTED.  For the reasons set forth below,

however, I recommend Adams's Petition (Doc. 1-2) be dismissed.

## Background

This is not Adams's first attempt to sue the State of Vermont and the State of

Georgia in this court.  In January 2013, Adams filed an action in this court arguing her

passport was improperly restricted because of an allegedly unlawful child support order and

subsequent enforcement of her child support obligations.  *See Adams v. Georgia Div. of Child

Support Servs.*, No. 2:13-cv-10 (D. Vt. Jan. 16, 2013).  The case was eventually dismissed as to

the Georgia defendants based on lack of personal jurisdiction and as to the State of Vermont, *inter alia*, for mootness because Adams had obtained a valid passport. *Id.* 2015 WL 4755721 (Aug. 11, 2015); 2015 WL 1015339 (Mar. 6, 2015).

The litigation stemmed from divorce proceedings in Georgia, beginning in 2005, that resulted in sole legal and physical custody of Adams's son being awarded to her ex-husband, Mr. George, in November 2007. She was ordered to pay child support in the amount of $601 per month. She subsequently filed suit against various parties, including her ex-husband and state officials, in the United States District Court for the Northern District of Georgia. *See Adams v. Georgia*, No. 1:08-cv-280 (N.D. Ga. June 30, 2008); *Adams v. Georgia*, No. 1:07-cv-2924-WSD-CCH, 2008 WL 649179 (N.D. Ga. Mar. 5, 2008). She has also sought relief in the Court of Federal Claims. *Adams v. United States*, No. 07-809C, 2008 WL 4725452 (Fed. Cl. July 16, 2008). And her efforts to access the Supreme Court have been denied. *See Adams v. George*, 553 U.S. 1022 (2008); *Adams v. George*, 552 U.S. 1115 (2008); *Adams v. George*, 552 U.S. 1049 (2007).

Adams moved to Vermont in 2010. In May 2013, the Vermont Superior Court registered the Georgia child support order. Adams, represented by counsel, sought relief from the judgment and contested the garnishment amount. Her arguments before the state courts were unsuccessful, and her claims were ultimately denied by the Vermont Supreme Court. *George v. Adams*, No. 2014-424, 2015 WL 2383816 (Vt. May 14, 2015).

In 2015, she initiated two more actions against multiple defendants including the States of Vermont and Georgia. *See Adams v. Vermont Office of Child Support*, No. 2:15-cv-160 (D. Vt. July 13, 2015); *Adams v. Vermont Office of Child Support*, No. 1:15-cv-228 (D. Vt.

Oct. 26, 2015). The October case was dismissed for lack of jurisdiction over the Georgia defendants and, *inter alia*, under the *Rooker-Feldman* doctrine as to the Vermont defendants. *Adams*, Case No. 1:15-cv-228-jgm, 2016 WL 3546301 (June 22, 2016), 2017 WL 2493127 (June 8, 2017). The July case was dismissed sua sponte, after granting in forma pauperis status, for lack of personal jurisdiction over the Georgia defendants and under principles of res judicata and Eleventh Amendment immunity as to the Vermont defendants. *Adams*, No. 2:15-cv-160, ECF No. 3, *appeal docketed*, No. 17-31 (2d Cir. Jan. 4, 2017), ECF No. 6. An initial appeal of the October case was dismissed for lack of jurisdiction, *Adams*, No. 1:15-cv-228, ECF No. 48 (Mandate) (Dec. 29, 2016), and is again on appeal, No. 17-2061 (2d Cir. June 30, 2017).

Adams commenced this § 2254 action against the States of Vermont and Georgia on June 30, 2017. (Docs. 1, 1-2.) She alleges she was incarcerated in Vermont for two days from October 27–29, 2015, for criminal contempt of court, later vacated in March 2016, and five days from July 1–5, 2016, for failure to appear. (Doc. 1-2 at 1–2.) She incompatibly asserts the sentences are "of continuing nature" and that she has "[n]o further sentence to serve." *Compare id.* at 2, ¶ 10 *with id.* at 11, ¶ 29. She alleges she has "not challenged the conviction or sentence beyond the vacation for the first sentence, and ha[s] not challenged the second sentence, prior to this motion." (*Id.* at 2, ¶ 8.)

Adams further asserts she "continues to be restrained by . . . attitudes which amount to further restrain and imprisonment beyond the sentence already served." (*Id.* at 6, ¶ 17.) She alleges the Offices of Child Support for the states of Vermont and Georgia "continue to restrain[] [her] access to the program for both modification and visitation of her minor

child," including unlawfully restraining her access to federally funded programs to access visitation with her child. (*Id.* at 3, ¶ 11.) She describes violations of her right to non-discrimination and rights to medical care and autonomy. (*Id.* at 2-3.)

## Discussion

*Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). A district court may dismiss an in forma pauperis matter, however, if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal courts have limited jurisdiction, and may not preside over cases if they lack jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Furthermore, federal courts "have an independent obligation to consider the presence or absence of subject[-]matter jurisdiction sua sponte." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). While, as noted, the court must liberally construe the complaint to raise the strongest argument it suggests, where subject-matter jurisdiction is lacking, nonetheless, the "court has the duty to dismiss the action sua sponte." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009).

"[A] person in custody pursuant to the judgment of a State court" may seek vacatur of the state-imposed conviction and sentence by applying for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(a). For a federal court to have jurisdiction, a habeas petitioner must be "in custody" at the time her § 2254 petition is filed. *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017); 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). The "in custody" requirement is "[t]he first showing a § 2254 petitioner must make." *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). Habeas petitioners such as Adams bear the burden of demonstrating their entitlement to relief under § 2254. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (stating claimant has burden to prove claim by preponderance of evidence).

While the custody requirement may be satisfied by restraints other than "actual, physical custody" incarceration, *Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963), it is designed to preserve the writ for "severe restraints on individual liberty." *Vega*, 861 F.3d at 74 (internal quotation marks and citation omitted). For example, "[p]ost-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'" *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (citation omitted); *see also Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (holding a one-year conditional discharge requiring performance of one day of community service to be a sufficient restraint on liberty to satisfy the statutory requirement because it required petitioner's physical presence at particular times and locations). Restitution orders, however, are not sufficient restraints on liberty to meet the "in custody" requirement. *See, e.g., Kaminski v. United States*,

339 F.3d 84, 87-88 (2d Cir. 2003). Likewise, a petitioner's removal from the bench, revocation of his license to practice law, and disqualification as a real estate broker and insurance agent were not sufficient to meet the requirement. *Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d Cir. 1983). Additionally, a federal district court does not lose jurisdiction when a petitioner is released from custody if the filing of the habeas petition occurred while the petitioner was in custody. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

Habeas jurisdiction ends for federal courts, however, once the petitioner's sentence has fully expired, i.e., "whe[n] a habeas petitioner suffers no present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Furthermore, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.*

Here, Adams asserts she was incarcerated for two days from October 27–29, 2015, and five days from July 1–5, 2016, in the state of Vermont. She makes no allegation of any incarceration in Georgia. She asserts she "continues to be restrained by . . . attitudes which amount to further restrain and imprisonment beyond the sentence already served," (Doc. 1-2 at 6, ¶ 17), and claims violations of her right to non-discrimination and rights to medical care and autonomy. Adams does not allege she is currently in custody in either Vermont or Georgia, that her physical presence is required at particular times or locations, or that she is exposed to "future adverse consequences on discretion of the supervising court." *Nowakowski*, 835 F.3d at 216. Alleged collateral consequences are not sufficient to render her in custody for habeas purposes because her sentences have expired. Because Adams

concedes her sentences have been fully discharged (Doc. 1-2 at 11–12, ¶ 29), and the other alleged restraints are not sufficient restraints on her liberty, she is not "in custody" under the statute. Accordingly, because the "in custody" requirement of § 2254(a) is not met, the Court lacks jurisdiction to consider her petition and it should be dismissed.

Even if the Court found the "in custody" statutory requirement to be met, Adams has failed to show the exhaustion requirement of the statute is satisfied here. Section 2254 requires that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To fully exhaust her claims, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Adams concedes she did not challenge her sentences in state court. Accordingly, because the exhaustion requirement of § 2254(b) has not been met, the Court lacks jurisdiction over Adams's petition.

Lastly, as has been determined in Adams's prior cases, the Court would lack jurisdiction to consider the petition against the State of Georgia in any case. *See, e.g., Adams*, 2016 WL 3546301; *Adams*, No. 2:15-cv-160, ECF No. 3.

While district courts "generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend," *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013), here, the Court finds granting leave to amend would be futile because the problem with Adams's petition is substantive: she is no longer "in custody" as required to bring an action under § 2254.

*See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

### Conclusion

For the reasons set forth above, Adams's Application for Leave to Proceed in Forma Pauperis (Doc. 1) is GRANTED, but I recommend Adams's Petition for Writ of Habeas Corpus (Doc. 1-2) be DISMISSED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 14th day of September 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).