U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 FEB 27 PM 4: 35

CLERK
BY  (signature)
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BAHJI ADAMS, )
)
Petitioner, )
)
v. ) Case No. 2:17-cv-114
)
STATE OF VERMONT and STATE OF )
GEORGIA, )
)
Respondents. )

## OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## AND DISMISSING PETITIONER'S PETITION FOR
## WRIT OF HABEAS CORPUS
(Docs. 3 & 4)

This matter came before the court for a review of the Magistrate Judge's September 14, 2017 Report and Recommendation ("R & R") (Doc. 3), in which the Magistrate Judge recommended that the court dismiss self-represented Petitioner Bahji Adams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4). On September 27, 2017, Petitioner filed an objection to the R & R, contending that the R & R should be vacated. In her forty-three page objection, she makes a number of arguments that may be distilled as follows: (1) the Magistrate Judge lacked jurisdiction to adjudicate her habeas corpus petition because she did not consent; (2) she does not need to be in custody in order for the court to proceed on her petition because her incarceration for non-payment of child support is capable of repetition; and (3) her constitutional rights and her rights under an array of federal statutes have been infringed and will continue to be infringed as long as she is compelled to pay child support which she cannot afford.

**I.  Factual and Procedural Background.**

On or about September 14, 2017, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging she was arrested and confined for criminal

contempt of court on October 27-29, 2015 and July 1-5, 2016. She asserts the charge of criminal contempt was vacated March 23, 2016 and arose out of her failure to appear in a Vermont Superior Court, Family Division hearing after she allegedly requested to appear via telephone and was not afforded this accommodation. She contends her request was "supported by medical professionals." (Doc. 4 at 2.) She has appealed her incarceration to the Vermont Supreme Court. She also appears to concede she has raised her claims previously under 42 U.S.C. § 1983, alleging these claims were disposed of as follows:

> Federal District Court, Vermont District before Judge Sessions, (D.Vt. 2015) and Judge Murtha (D.Vt2016) 1:15-cv-228-jgm. No hearing where evidence was submitted was allowed. Results, both dismissed without prejudice, and with prejudice against the State of Vermont. . . . Appeals for both cases filed with the [S]econd [C]ircuit and filed in the Supreme Court of the United States, with sending back with correction and refiling available within 60 days.

*Id.* at 4-5, ¶¶ 15-16. She describes the facts supporting her claims in paragraph seventeen of her Petition as consisting of an inability to obtain access to Office of Child Support programs because of a range of disabilities resulting in "unlawful restraining and unlawful detention of [her] right to medical-care and self-governing of her medical care and implementation, and the failure of [the] judicial body to recognize her medical-rights[.]" *Id.* at 5-6, ¶ 17. She seeks "recognition of her right to medical-care and manage[ment] of her medical-modalities, her right to medical-autonomy[,]" and a permanent injunction granting her access to Office of Child Support Programs, as well as expungement and sealing of the records related to her arrest and incarceration. *Id.* at 12.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual

2

or legal conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

As the Magistrate Judge noted, Petitioner's claims all arise out of events that occurred in Georgia and are now apparently having consequences for Petitioner in Vermont. Petitioner has the right to address her concerns in the Vermont Superior Court and has apparently done so. She asserts no viable federal cause of action and, as the Magistrate Judge properly noted, federal court have limited jurisdiction and may not proceed to adjudicate cases for which they lack subject matter jurisdiction regardless of a petitioner's self-represented status and notwithstanding compelling facts. The court agrees with his explanation of the reasons why this court lacks jurisdiction over Petitioner's petition.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 3), and DISMISSES Petitioner's § 2254 motion (Doc. 4).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of February, 2018.

Christina Reiss, District Judge
United States District Court